# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RUSH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-4462 |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | : : : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 8th day of December, 2017, upon careful and independent consideration of Plaintiff's Request for Review (Doc. No. 7), Defendant's Response (Doc. No. 10), Plaintiff's Reply (Doc. No. 12), the administrative record, and the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Doc. No. 15), to which there were no objections, the Court finds that the administrative record does not contain substantial evidence to support the administrative law judge's findings of fact and conclusions of law.[1]

---

[1] I share the concerns raised by Magistrate Judge Perkin in his Report and Recommendation. Primarily, the ALJ's failure to acknowledge any of the numerous GAF scores indicating serious impairments in social or occupational functioning constitutes grounds for remand. Jones v. Colvin, No. 16-1535, 2017 WL 4277289, at *9 (M.D. Pa. Sept. 25, 2017) (citing numerous cases remanding for failure to acknowledge and/or discuss GAF scores). Second, the ALJ's cursory dismissal of both Dr. Kramer's written medical opinion and her opinion offered at the administrative hearing—based solely on the ALJ's own "amorphous impressions" gleaned from isolated citations to the record regarding Plaintiff's sporadic activities of daily living—is unsupported by substantial evidence. See Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000) ("[T]he principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability."). Although the Government's response to Plaintiff's Request for Review offers additional bases on which Dr. Kramer's opinion could be given less weight, that reasoning was not part of the ALJ's opinion

**ACCORDINGLY**, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. Plaintiff's request for remand is **GRANTED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation. In all other respects, Plaintiff's request for relief is **DENIED**.

                              **BY THE COURT:**

                              /s/ Mitchell S. Goldberg

                              _____
                              **MITCHELL S. GOLDBERG, J.**

---

and, therefore, I may not consider it here. See SEC v. Chenery Corp., 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."); Keiderling v. Astrue, No. 07-2237, 2008 WL 2120154, at *3 (E.D. Pa. May 20, 2008) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision; the Commissioner may not offer a post-hoc rationalization.") (internal quotations omitted). Consistent with the reasoning of the Report and Recommendation, I find that remand is appropriate.